U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 29 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| JOHN T. ROUGEOU | CIVIL ACTION NO. 04-1691-A |
| -vs- | JUDGE DRELL |
| MICHAEL BOONE, ET AL. | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is a Motion for Summary Judgment filed by Defendants Michael Boone, Keith Hudson, Danny Patterson, Raul Perez and William Earl Hilton, in his official capacity as Sheriff of Rapides Parish (collectively "Defendants"). (Doc. 26). Plaintiff John Rougeou opposes the Motion. (Doc. 30). Pursuant to this Court's order, Magistrate Judge James D. Kirk prepared a Report and Recommendation. (Doc. 45). In his Report and Recommendation, the Magistrate Judge recommended that the Court dismiss Mr. Rougeou's claims brought pursuant to 42 U.S.C. § 1983. Further, the Magistrate Judge recommended that Plaintiff's state law claims be dismissed without prejudice. (Doc. 45). Defendants objected to the latter recommendation, requesting that the Court also dismiss Plaintiff's state law claims with prejudice. (Doc. 46).

For the reasons stated in the Magistrate Judge's Report and Recommendation, Defendants' Motion for Summary Judgment will be granted as

to all of Plaintiff's federal law claims. Additionally, because all pending claims arise from a common nucleus of operative fact, we also will examine Mr. Rougeou's state law claims. In his Complaint, Mr. Rougeou is clear that his action arises "under the Constitutions of the United States and Louisiana." (Doc. 1). However, he never enumerates which provisions of the Louisiana Constitution were allegedly violated, as he did for claims brought pursuant to the Constitution of the United States. Therefore, we conclude that Mr. Rougeau does not actually allege any violation of the Louisiana Constitution by Defendants and, accordingly, we will grant the pending Motions for Summary Judgment as to these non-claims.

Mr. Rougeou does, however, allege that all acts committed by Defendants were "done under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of Louisiana . ." (Doc. 1). In their Motion for Summary Judgment, Defendants set forth arguments showing why they are entitled to summary judgment on the state law claims of false arrest or imprisonment, excessive force and defamation. (Doc. 26). In his objection to the Motion for Summary Judgment, Mr. Rougeou addresses the merits of his claims for false arrest or imprisonment and excessive force. (Doc. 30). In his objection Mr. Rougeou does not address any claim for defamation. (Doc. 30). The Court will address all three potential claims.

Law and Analysis

Rule 56(c) of the Federal Rules of Civil Procedure mandates that a summary judgment
> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file . . . together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-313, 106 S.Ct. 2548 (1986)). In the analysis, all inferences are drawn in the light most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1959). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992).

**False Arrest/Imprisonment**

The tort of false arrest or false imprisonment consists of two elements: (1) detention of the person and (2) the unlawfulness of the detention. Kennedy v. Sheriff of East Baton Rouge, –So. 2d–, 05-1418, 2006 WL 1883364, at *17 (La. July

3

10, 2006). False arrest or false imprisonment occurs when one is restrained and the restraining officer lacks a warrant or other stautory authority. Kyle v. City of New Orleans, 353 So.2d 969 (La. 1977). "If police officers act pursuant to statutory authority in arresting and incarcerating a citizen, they are not liable for damages for false arrest and imprisonment." Id. (see also Wolfe v. Wiener Enterprises, Inc., 648 So.2d 1295 (La. 1995). The plaintiff bears the burden to show that the arrest or detention was made without color of legal authority. See Williams v. Regional Transit Authority, 546 So.2d 150 (La. 1989).

Defendants Hudson, Perez and Patterson all claim they were acting pursuant to La. Rev. Stat. 14:63.3. La. Rev. Stat. 14:63.3 is the Louisiana statute governing criminal trespass. The statute provides:

> No person shall without authority .. remain in or upon or attempt to . . . remain in or upon any structure . . . or any other movable, or immovable property, which belongs to another, including public buildings and structures . . . or any part, portion, or area thereof, after having been forbidden to do so, either orally or in writing . . . by any owner, lessee, or custodian of the property or by any other authorized person.

Defendants Hudson, Perez and Patterson assert this statutory provision provides them with the requisite color of authority because Glen Beard and Ronnie Beard, the Mid-State Shrine Club members who were in charge at the circus, "determined that the Mid-State Shrine Club did not want Rougeou on the premises of the Circus and asked that Rougeou be removed from the Circus

4

grounds." (Doc. 26, Exh. 1 and 2, affidavits of Cameron Keith Hudson and Raul Perez).

The parties agree that Mr. Rougeou was escorted from the circus premises by reserve deputies from the Rapides Parish Sheriff's office. (Docs. 26 and 30). Because Mr. Rougeou had to leave the circus with the deputies, and because Defendants to not argue to the contrary, we assume this removal was sufficient to satisfy the first element of false arrest/imprisonment. Likewise, no party has alleged that the reserve deputies restrained Mr. Rougeou pursuant to a warrant. Therefore, the issue is whether Deputy Hudson acted pursuant to statutory authority when he ordered Deputies Boone and Perez to escort Mr. Rougeou from the premises and whether Deputies Boone and Perez acted pursuant to statutory authority when they executed this order.

The Court concludes all three reserve deputies acted pursuant to their authority as described in La. Rev. Stat. 14:63.3(a). Defendants provided the Court with affidavits stating that the Mid-State Shrine Club did not want Mr. Rougeou on the premises, the reserve deputies informed Mr. Rougeou that he needed to leave, and Mr. Rougeou was escorted out because he did not leave immediately after the deputies requested he do so. (Doc. 26, Exh. 1-4). La. Rev. Stat. 14:63.3(a) prohibits a person from remaining on land belonging to another once he has been forbidden to do so. Mr. Rougeou was remaining at the circus after he had been asked to leave and the reserve deputies were within their authority to have him

5

removed. Therefore, Defendants' Motion for Summary Judgment will be granted as Mr. Rougeou's claims for false arrest or false imprisonment.

**Excessive Force**

Officers may use reasonable force to make an arrest. Mathieu v. Inperial Toy Corp., 646 So.2d 318 (La. 1994). Whether the force used was reasonable is determined based on the totality of the circumstances. Id. "A court must evaluate the officers' actions against those of ordinary, prudent, and reasonable men placed in the same position as the officers and with the same knowledge as the officers." Kyle v. City of New Orleans, 353 So.2d 969, 973 (La. 1977).

No evidence has been presented indicating that *any* force was used to remove Mr. Rougeou from the circus. Plaintiff claims he "was physically removed from the Rapides Parish Coliseum grounds by two (2) reserve deputies, one officer on each side of the Plaintiff, he was then escorted to his vehicle." (Doc. 30). Two deputies walking beside Mr. Rougeou to his vehicle does not constitute force. Mr. Rougeou does not even allege, nonetheless provide any evidence, that the deputies touched him, handcuffed him, threatened him, etc. Because the Court finds the reserve deputies did not exercise any force in removing Mr. Rougeou from the coliseum premises, Defendants' Motion for Summary Judgment as to Mr. Rougeou's excessive force claim will be granted.

**Defamation**

A plaintiff must satisfy three elements to prevail on a defamation claim: (1) a false or defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. Trentecosta v. Beck, 703 So.2d 553 (La. 1997). For a plaintiff to prevail in a defamation action, he must prove "that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages." Id. at 559. The truth of the alleged defamatory statement is a defense to a civil suit. La. Rev. Stat. 13:3602.

We do not need to consider whether Mr. Rougeou could satisfy the four elements listed above. Rather, Defendants have provided us with evidence showing Deputy Perez's statement to Deputy Hudson and Deputy Hudson's subsequent representation to Glen and Ronnie Beard that Mr. Rougeau had been arrested on felony charges, including pornography involving juveniles, were both true. (Doc. 26, Exh. 1). Therefore, even if Mr. Rougeou could satisfy the elements of a defamation claim, and the Court makes no determination as to whether he could, Defendants have provided evidence showing that their representations were true and, under state law, truth is a defense to a suit for defamation. For this reason, Defendants' Motion for Summary Judgment as to Mr. Rougeou's claim for defamation will be granted.

Conclusion

For the reasons stated above, Defendants' Motion for Summary Judgment will be granted as to all state and federal law claims brought by Mr. Rougeou. All of Mr. Rougeou's claims against Defendants Boone, Hudson, Patterson, Perez and Hilton will be dismissed with prejudice.

SIGNED on this 29th day of August, 2006, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE