## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN T. ROUGEAU | CIVIL ACTION NO. 04-1691-A |
| -vs- | JUDGE DRELL |
| MICHAEL BOONE, et al. | MAGISTRATE JUDGE KIRK |

### R U L I N G

Before the Court is a motion for attorney's fees by Michael Boone, Keith Hudson, Danny Patterson, Raul Perez, and William Earl Hilton ("defendants") in a claimed amount of $24,063.00, plus costs and expenses of $3,533.94 (Document No. 49).

For the following reasons, the motion of the defendants will be GRANTED in the amount of $23,455.00 for attorney's fees and $3,532.44 for costs and expenses.

### I.  BACKGROUND

We come now to the end of litigation in which plaintiff Rougeau asserted a 42 U.S.C. § 1983 claim for violation of his civil rights, as well as state law claims including false arrest or imprisonment, excessive use of force, and defamation. These assertions arose from an incident occurring on September 7, 2003 at the Mid-State Shrine Circus held at the Rapides Parish Coliseum in Alexandria, LA.

The suit ultimately concluded when this Court granted the defendants' motion for summary judgment in a ruling and judgment dated August 29, 2006 (Document Nos. 47 and 48). Following the granting of this motion, counsel for the defendants filed the motion for attorneys' fees, costs, and expenses at issue here.

## II. BASIS FOR AN AWARD OF ATTORNEY'S FEES

### A. APPLICABLE LAW

Pursuant to § 1988, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs" in civil rights proceedings. See 42 U.S.C. § 1988(b). Congress passed this law, in large part, "to ensure 'effective access to the judicial process' for persons with civil rights grievances." Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S. Ct. 1933, 1937 (1983) (quoting H.R. Rep. No. 94-1558, p. 1 (1976)). To that end, "the fee provision was included to 'make it easier for a plaintiff of limited means to bring a meritorious suit.'" Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 420, 98 S. Ct. 694, 699 (1978) (footnote omitted). However, by allowing attorney's fees to prevailing defendants, Congress also intended the provision "to deter the bringing of lawsuits without foundation," "to discourage frivolous suits," and "to diminish the likelihood of unjustified suits being brought." Id. (footnotes omitted).

As a result of these competing policy considerations, "the standard for awarding attorney's fees differs if a defendant rather than a plaintiff prevails." White v. Southpark Indep. Sch. Dist., 693 F.2d 1163, 1169 (5th Cir. 1982).

Typically, a prevailing plaintiff in a civil rights action is entitled to recover his reasonable attorney's fees, unless there is a showing of special circumstances that would make such an award unjust. See Dean v. Riser, 240 F.3d 505, 508 (5th Cir. 2001). A prevailing defendant, on the other hand, may be awarded attorney's fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Id. Under this standard, the court need not find subjective "bad faith" on the plaintiff's part to award attorney's fees to a prevailing defendant. As the Fifth Circuit has explained:

> A suit is frivolous if it is "so lacking in arguable merit as to be groundless or without foundation . . . ." See Plemer v. Parsons-Gilbane, 713 F.2d 1127, 1140-41 (5th Cir. 1983). In determining whether a suit is frivolous, the district court should look to factors such as whether the Plaintiffs established a prima facie case, whether the defendant offered to settle, and whether the court dismissed the case or held a full trial. See United States v. Mississippi, 921 F.2d 604, 609 (5th Cir. 1991).

Walker v. City of Bogalusa, 168 F.3d 237 (5th Cir. 1999).

### B. ANALYSIS

In the case now before the Court, the defendants clearly prevailed, pursuant to the Court's ruling and judgment of August 29, 2006. The Court now turns to the three factors provided by the Fifth Circuit in Walker.

First, Rougeau failed to establish a prima facie case. In its August 29, 2006 ruling, the Court, in adopting the report and recommendation of the magistrate judge (Document No. 45), found that Rougeau failed to show any violation of his constitutional rights, failed to allege the "lack of authority" element of false

imprisonment, failed to show <u>any</u> use of force for the excessive force claim, and failed to overcome the affirmative defense of truth for the defamation claim. (Document No. 47).  Second, it is uncontroverted that no settlement offers were extended during this case, reflecting the defendants' belief that the claims were without merit (Document No. 49-2, p. 5).  Third, the Court dismissed the case at the summary judgment stage rather than allowing meritless claims to proceed to trial.

Applying the <u>Watson</u> factors to information gleaned from the record and from the hearing held on September 13, 2007, the Court now finds that Rougeau's claims were "frivolous, unreasonable, or without foundation." <u>Dean</u>, 240 F.3d at 508.  Thus, the defendants are entitled to reimbursement of attorney's fees, costs, and expenses.  However, a number of factors somewhat limit the amount of the fee awards.

### III.  CALCULATION OF THE FEE AWARD

#### A. APPLICABLE LAW

The Fifth Circuit has explained the procedure for the calculation of attorneys' fees as follows:

> [D]etermination of reasonable attorneys' fees involves a two-step procedure.  See <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983).  Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers.  <u>Id</u>.  Then, the district court must multiply the reasonable hours by the reasonable hourly rates. <u>Blum v. Stenson</u>, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544, 79 L. Ed. 2d 891 (1984) (defining base fee

to be product of reasonable hours and reasonable rate); Hensley, 461 U.S. at 433, 103 S. Ct. at 1939 (defining product of hours reasonably expended and reasonable hourly rates as "the most useful starting point"); Brantley v. Surles, 804 F.2d 321, 325 (5th Cir. 1986) (stating hours multiplied by rate to be normal basis for fee).  The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case.   Brantley, 804 F.2d at 325.  Determinations of hours and rates are questions of fact. See Bode v. United States, 919 F.2d 1044, 1047 (5th Cir. 1990) (reviewing hours for clear error).

* * *

As noted, the first step in determining reasonable attorneys' fees is an evaluation of the number of hours reasonably expended. Baughman v. Wilson Freight Forwarding Co., 583 F.2d 1208, 1214 (3d Cir. 1978).  The district court must determine whether the hours claimed were "reasonably expended on the litigation." Alberti v. Klevenhagen, 896 F.2d 927, 933-34 (5th Cir.), vacated on other grounds, 903 F.2d 352 (5th Cir. 1990); see also Hensley, 461 U.S. at 434, 103 S. Ct. at 1939 ("The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'").  Moreover, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant . . . should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley, 461 U.S. at 437, 103 S. Ct. at 1941; see also Bode, 919 F.2d at 1047 ("The party seeking reimbursement of attorneys' fees . . . has the burden of establishing the number of attorney hours expended, and can meet that burden only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement.").

Accordingly, the documentation must be sufficient for the court to verify that the applicant has met its burden. Id. "In determining the amount of an attorney fee award, courts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours." Id.; see also Hensley, 461 U.S. at 433, 103 S. Ct. at 1939 ("The party seeking an

> award of fees should submit evidence supporting the hours worked and rates claimed."). Thus a district court may reduce the number of hours awarded if the documentation is vague or incomplete. See Alberti, 896 F.2d at 931 (refusing to accept incomplete documentation "at face value"); Leroy v. City of Houston (Leroy I), 831 F.2d 576, 585-86 (5th Cir. 1987) (finding clear error and abuse of discretion when district court accepted "faulty records" without making reduction); cf. Hensley, 461 U.S. at 433, 103 S. Ct. at 1939 (counseling that "where the documentation of hours is inadequate, the district court may reduce the award accordingly").
>
> * * *
>
> Failing to provide contemporaneous billing statements does not preclude an award of fees per se, as long as the evidence produced is adequate to determine reasonable hours. Heasley v. Commissioner, 967 F.2d 116, 123 (5th Cir. 1992).

Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 323-325 (5th Cir. 1995)

("Kellstrom").

As noted in Kellstrom, "Adjustment of the lodestar in this circuit involves the assessment of a dozen factors" from Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974):

> The factors include: 1) the time and labor required for the litigation; 2) the novelty and complication of the issues; 3) the skill required to properly litigate the issues; 4) whether the attorney had to refuse other work to litigate the case; 5) the attorney's customary fee; 6) whether the fee is fixed or contingent; 7) whether the client or case circumstances imposed any time constraints; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) whether the case was "undesirable;" 11) the type of attorney-client relationship and whether that relationship was long-standing; and 12) awards made in similar cases. 488 F.2d at 717-19.

Kellstrom, 50 F.3d at 329 n. 19. "Although all of the Johnson factors must be considered, recent decisions of this Court suggest that district courts, in computing attorneys' fees, should pay special heed to Johnson criteria numbers (1) the time and labor involved, (5) the customary fee, (8) the amount involved and the results obtained, and (9) the experience, reputation, and ability of counsel." Copper Liquor, Inc. v. Adolph Coors Co., 624 F.2d 575 (5th Cir. 1980) (citations omitted).

## B. ANALYSIS

The Court also determines the four most relevant Johnson factors as follows. First, the fee applicant, Mr. H. Bradford Calvit, expended significant time and labor in this case, but the effort was appropriate to the subject matter of the case. Second, the fee of $95 per hour for attorney work and $35 per hour for paralegal work is clearly within the reasonable range for the community for this type of case. Third, a substantial amount of money, including general damages and punitive damages, was at stake, and Calvit was able to prevail at the summary judgment stage. Fourth, Calvit was experienced and performed his work professionally. On balance, however, the Court finds that none of these factors warrants adjustment of the lodestar in this case.

Calvit has provided extensive documentation of the work performed on the case. (Document No. 49, Exh. A). The rate charged by Calvit was $95.00 per hour, as well as $35.00 per hour for paralegal work. The Court has determined that this

7

hourly rate, being within the range of acceptable fees for this area and for this type of work, is reasonable.

The number of hours expended is a bit more complicated. Calvit has provided the Court with 20 pages of detailed contemporaneous billing records, including entries for the name of the worker, the date, the length of time, and a brief note regarding the work performed. Through July 28, 2006, the total number of billable hours recorded is 309.8. However, these hours include both paralegal work and attorney work.

From the billing records submitted, the Court finds that the paralegal time totals approximately 99.6 hours, leaving approximately 210.2 hours of attorney time on the case, which the Court accepts as the number of hours reasonably expended for purposes of the lodestar calculation. For the lodestar calculation, the Court must multiply the number of hours reasonably expended on the case by the reasonable hourly rate.

Taking the above considerations into account, the Court finds that the lodestar for the paralegal fees is 99.6 hours at $35.00 per hour, or $3,486.00 and that the lodestar for the attorney's fees is 210.2 hours at $120.00 per hour, or $19,969.00, for a total lodestar of $23,455.00. Because the court finds no reason to adjust the lodestar, the Court will fix the award for attorney's fees at $23,455.00.

Furthermore, based on the uncontroverted records of costs and expenses submitted by Calvit (Document No. 49, Exh. A, pp. 16-19), the Court will fix the award for documented costs and expenses at $3,532.44.

SIGNED on this 19th day of September, 2007, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge